Justin Cilenti (GC 2321)
Peter H. Cooper (PHC 4714)
CILENTI & COOPER, PLLC
708 Third Avenue – 6th Floor
New York, NY 10017
T. (212) 209-3933
F. (212) 209-7102
E-mail: pcooper@jcpclaw.com
*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

GUILLERMO TORIBIO, on behalf of himself, and others similarly situated,

           Plaintiff,

-against-

NEPTUNO RESTAURANTS, LLC, *doing business as* SALA ONE NINE, *or any other business entity doing business as* "SALA ONE NINE", located at 35 West 19th Street, New York, New York 10011; and MICHAEL JANNETTA and DAVID SEGOVIA, individually,

           Defendants.

Case No.:  19 CV 4032

**COMPLAINT in an FLSA ACTION**

ECF Case

---

Plaintiff, Guillermo Toribio ("Plaintiff"), on behalf of himself and other similarly situated employees, by and through his undersigned attorneys, Cilenti & Cooper, PLLC, files this Complaint against Defendants, Neptuno Restaurants, LLC, *doing business as* "Sala One Nine", or any other business entity doing business as "Sala One Nine", located at 35 West 19th Street, New York, New York 10011 (hereinafter, "Sala One Nine"); and Michael Jannetta and David Segovia, individually, (all defendants, collectively, "Defendants"), and states as follows:

**INTRODUCTION**

1. Plaintiff, Guillermo Toribio, alleges that, pursuant to the Fair Labor Standards Act, as amended, 29 U.S.C. §§ 201, *et seq.* ("FLSA"), he is entitled to recover from the Defendants: (1) unpaid wages; (2) unpaid overtime compensation; (3) liquidated damages; (4) prejudgment and post-judgment interest; and (5) attorneys' fees and costs.

2. Plaintiff, Guillermo Toribio, further alleges that, pursuant to the New York Labor Law, he is entitled to recover from the Defendants: (1) unpaid wages; (2) unpaid overtime compensation; (3) unpaid "spread of hours" premium for each day he worked in excess of ten (10) hours; (4) liquidated damages and statutory penalties pursuant to the New York Wage Theft Prevention Act; (5) prejudgment and post-judgment interest; and (6) attorneys' fees and costs.

## JURISDICTION AND VENUE

3. This Court has jurisdiction over this controversy pursuant to 29 U.S.C. §216(b), 28 U.S.C. §§ 1331, 1337 and 1343, and has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

4. Venue is proper in the Southern District pursuant to 28 U.S.C. § 1391 because the conduct making up the basis of the complaint took place in this judicial district.

## PARTIES

5. Plaintiff is an adult resident of Bronx County, New York.

6. Defendant, Neptuno Restaurants LLC, *dba* "Sala One Nine", is a domestic limited liability company, organized and existing under the laws of the State of New York, with a principal place of business at 35 West 19th Street, New York, New York 10011.

7. Upon information and belief, Defendant, Michael Jannetta, is an owner, general manager, officer, director and/or managing agent of Sala One Nine, whose address is unknown at this time and who participated in the day-to-day operations of Sala One Nine, and acted intentionally and maliciously and is an "employer" pursuant to the FLSA, 29 U.S.A §203(d) and Regulations promulgated thereunder, 29 C.F.R. § 791.2, as well as New York Labor Law § 2 and the Regulations thereunder, and is jointly and severally liable with Sala One Nine.

8. Upon information and belief, Defendant, David Segovia, is a general manager, officer, director and/or managing agent of Sala One Nine, whose address is unknown at this time and who participated in the day-to-day operations of Sala One Nine, and acted intentionally and maliciously and is an "employer" pursuant to the FLSA, 29 U.S.A §203(d) and Regulations promulgated thereunder, 29 C.F.R. § 791.2, as well as New York Labor Law § 2 and the Regulations thereunder, and is jointly and severally liable with Sala One Nine.

9. The individual defendants, Michael Jannetta and David Segovia, exercised control over the terms and conditions of their employees' employment, including Plaintiff, in that they have and had the power to: (i) hire and fire employees, (ii) determine rates and methods of pay, (iii) determine work schedules, (iv) supervise and control the work of the employees, and (v) otherwise affect the quality of the employees' employment.

10. Plaintiff, Guillermo Toribio, has been employed by Defendants in New York County, New York, to work as a dishwasher, bread baker, cleaner, general helper, and cook's assistant, at Defendants' bar and restaurant known as "Sala One Nine",

located at 35 West 19th Street, New York, New York, since January 2016, through the present.

11. During the period of time relevant to the allegations herein, Sala One Nine, located at 35 West 19th Street in Manhattan, through corporate entities, operated a bar and grill.

12. Defendant, Sala One Nine, was, and continues to be, an "enterprise engaged in commerce" within the meaning of the FLSA in that it (i) has and has and had employees engaged in commerce or in the production of goods for commerce, or that handle, sell, or otherwise work on goods or materials that have been moved in or produced for commerce, and (ii) has and had an annual gross volume of sales of at least $500,000.

13. At all relevant times, Sala One Nine was, and continues to be, an "enterprise engaged in commerce" within the meaning of the FLSA.

14. At all relevant times, the work performed by Plaintiff, Guillermo Toribio, was directly essential to the business operated by defendants.

15. Plaintiff is paid by check, and has worked for the restaurant and directly for Michael Jannetta and David Segovia, for over three (3) years.

16. Defendant, Michael Jannetta, creates and implements crucial business policies, including decisions concerning the number of hours the employees are required to work, the amount of pay that the employees are entitled to receive, and the method and manner by which the employees are to be paid.

17. Defendant, David Segovia, creates and implements crucial business policies, including decisions concerning the number of hours the employees are required

to work, the amount of pay that the employees are entitled to receive, and the method and manner by which the employees are to be paid.

18. The defendant corporation is owned, operated, and controlled by the individual defendant Michael Jannetta.

19. At all relevant times, Defendants knowingly and willfully failed to pay Plaintiff lawfully earned wages, in contravention of the FLSA and New York Labor Law.

20. At all relevant times, Defendants knowingly and willfully failed to pay Plaintiff Guillermo Toribio lawfully earned overtime compensation in contravention of the FLSA and New York Labor Law.

21. At relevant times, Defendants knowingly and willfully failed to pay Plaintiff Guillermo Toribio lawfully earned "spread of hours" premiums in contravention of the New York Labor Law.

22. Plaintiff, Guillermo Toribio, has fulfilled all conditions precedent to the institution of this action and/or such conditions have been waived.

## STATEMENT OF FACTS

23. In January 2016, Plaintiff, Guillermo Toribio, was hired by Defendants to work as a dishwasher, general helper, kitchen preparation assistant, bread baker, cleaner, and cook, at Defendants' restaurant doing business as "Sala One Nine" located at 35 West 19th Street, New York, New York 10011.

24. Plaintiff Guillermo Toribio has been continuously employed by Defendants, between January 2016 through present, with the exception of one (1) month in November 2018, when he took a leave to undergo a medical procedure.

25. Plaintiff assigned schedule is 7:00 a.m. until 3:00 p.m., six (6) days per week, for a total of forty-eight (48) hours per week; but he often works longer hours. He generally works a total of fifty-two (52) hours per week.

26. Since mid-2017 Plaintiff was paid an hourly wage of fourteen dollars ($14.00) per hour, without an overtime premium of one hundred fifty percent (150%) of his regular hourly rate, or "time and a half", for hours worked in excess of forty (40) per week.

27. Plaintiff's regular hourly rate was increased to fifteen dollars ($15.00) per hour in 2019, without a proper overtime premium pay.

28. Plaintiff did not receive tips in connection with his employment.

29. Defendants knowingly and willfully operated their business with a policy of not paying Plaintiff and other similarly situated employees either the FLSA overtime rate (of time and one-half), or the New York State overtime rate (of time and one-half), in direct violation of the FLSA and New York Labor Law and the supporting federal and New York State Department of Labor Regulations.

30. Defendants knowingly and willfully operated their business with a policy of not paying New York State "spread of hours" premiums to Plaintiff and other similarly situated employees.

31. At all relevant times, upon information and belief, and during the course of Plaintiff's employment, the Defendants failed to maintain accurate and sufficient time records.

32. Plaintiff punched a time clock, and was paid hourly, but without an overtime premium, since 2017.

33. Plaintiff was not paid the spread of hours premium when he worked in excess of ten (10) hours in one day.

34. Defendant, Michael Jannetta, is an individual who, upon information and belief, owns the stock of Sala One Nine, owns Sala One Nine, and manages and makes all business decisions, including but not limited to, the decisions of what salary the employees will receive and the number of hours the employees will work.

## COLLECTIVE ACTION ALLEGATIONS

35. Plaintiff brings this action individually and as representatives on behalf of all other current and former non-exempt employees who have been or were employed by the Defendants since May 2016 to the entry of judgment in this case (the "Collective Action Period"), and who were compensated at less than the statutory rate of time and one-half for all hours worked in excess of forty (40) hours per workweek (the "Collective Action Members").

36. The collective action class is so numerous that joinder of all members is impracticable. Although the precise number of such persons is unknown, and the facts upon which the calculation of that number are presently within the sole control of the Defendants, upon information and belief, there are dozens or more Collective Action Members who worked for the Defendants during the Collective Action Period, most of whom would not be likely to file individual suits because they lack adequate financial resources, access to attorneys, or knowledge of their claims. Therefore, Plaintiff submits that this matter should be certified as a collective action under the FLSA, 29 U.S.C. § 216(b).

37. Plaintiff will fairly and adequately protect the interests of the Collective Action Members and has retained counsel that is experienced and competent in the fields of employment law and class action litigation. Plaintiff has no interests that are contrary to or in conflict with those members of this collective action.

38. This action should be certified as a collective action because the prosecution of separate actions by individual members of the class would create a risk of either inconsistent or varying adjudications with respect to individual members of the class, or adjudications with respect to individual members of the class that would as a practical matter be dispositive of the interests of the other members not parties to the adjudication, or substantially impair or impede their ability to protect their interests.

39. A collective action is superior to other available methods for the fair and efficient adjudication of this controversy, since joinder of all members is impracticable. Furthermore, inasmuch as the damages suffered by individual Collective Action Members may be relatively small, the expense and burden of individual litigation make it virtually impossible for the members of the collective action to individually seek redress for the wrongs done to them. There will be no difficulty in the management of this action as a collective action.

40. Questions of law and fact common to the members of the collective action predominate over questions that may affect only individual members because Defendants have acted on grounds generally applicable to all members. Among the common questions of law and fact common to Plaintiffs and other Collective Action Members are:

   a. Whether the Defendants employed Plaintiff and the Collective Action Members within the meaning of the FLSA;

      b.      Whether the Defendants failed to keep true and accurate wage and hour records for all hours worked by Plaintiff and the Collective Action Members;

      c.      What proof of hours worked is sufficient where the employer fails in its duty to maintain wage and hour records;

      d.      Whether the Defendants failed to pay Plaintiff and the Collective Action Members wages, minimum wages, and overtime compensation for all hours worked in excess of forty (40) hours per workweek, in violation of the FLSA and the regulations promulgated thereunder;

      e.      Whether the Defendants' violations of the FLSA are willful as that terms is used within the context of the FLSA; and,

      f.      Whether the Defendants are liable for all damages claimed hereunder, including but not limited to compensatory, liquidated and statutory damages, interest, costs and disbursements, and attorneys' fees.

41. Plaintiff knows of no difficulty that will be encountered in the management of this litigation that would preclude its maintenance as a collective action.

42. Plaintiff and others similarly situated have been substantially damaged by the Defendants' wrongful conduct.

**STATEMENT OF CLAIM**

**COUNT I**
**[Violation of the Fair Labor Standards Act]**

43. Plaintiff re-alleges and re-avers each and every allegation and statement contained in paragraphs "1" through "42" of this Complaint as if fully set forth herein.

44. At all relevant times, upon information and belief, Defendants were and continue to be an employer engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a). Further, Plaintiff is a covered individual within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

45. At all relevant times, Defendants employed Plaintiff within the meaning of the FLSA.

46. Upon information and belief, at all relevant times, Defendants have had gross revenues in excess of $500,000.

47. Plaintiff, was entitled to be paid at the rate of time and one-half the his regular hourly rate, for all hours worked in excess of forty (40) as provided for in the FLSA.

48. Defendants failed to pay Plaintiff, overtime compensation in the lawful amount for all hours worked in excess of the maximum hours provided for in the FLSA.

49. At all relevant times, Defendants had, and continue to have a policy and practice of refusing to pay overtime compensation at the statutory rate of time and one-half to Plaintiff, for all hours worked in excess of forty (40) hours per work week, which violated and continues to violate the FLSA, 29 U.S.C. §§ 201, *et seq.*, including 29 U.S.C. §§ 207(a)(1) and 215(a).

50. Defendants knowingly and willfully disregarded the provisions of the FLSA as evidenced by their failure to compensate Plaintiff, at the statutory overtime rate of time and one-half for all hours worked in excess of forty (40) hours per week, when they knew or should have known such was due and that non-payment of overtime pay would financially injure them.

51. Defendants failed to make, keep and preserve records with respect to each of its employees sufficient to determine the wages, hours and other conditions and practices of employment in violation of the FLSA, 29 U.S.A. §§ 201, *et seq.*, including 29 U.S.C. §§ 211(c) and 215(a).

52. Records, if any, concerning the number of hours worked by Plaintiff and the actual compensation paid to Plaintiff are in the possession and custody of the Defendants. Plaintiff intends to obtain these records by appropriate discovery proceedings to be taken promptly in this case and, if necessary, will then seek leave of Court to amend this Complaint to set forth the precise amount due.

53. Defendants failed to properly disclose or apprise Plaintiff, Guillermo Toribio, of his rights under the FLSA.

54. As a direct and proximate result of Defendants' willful disregard of the FLSA, Plaintiff is entitled to liquidated damages pursuant to the FLSA.

55. Due to the intentional, willful and unlawful acts of the Defendants, Plaintiff suffered damages in an amount not presently ascertainable of unpaid wages and overtime compensation, an equal amount as liquidated damages, and prejudgment interest thereon.

56.     Plaintiff is entitled to an award of his reasonable attorneys' fees, costs and expenses, pursuant to 29 U.S.C. § 216(b).

## COUNT II
### [Violation of the New York Labor Law]

57.     Plaintiff re-alleges and re-avers each and every allegation and statement contained in paragraphs "1" through "56" of this Complaint as if fully set forth herein.

58.     At all relevant times, Plaintiff was employed by Defendants within the meaning of New York Labor Law §§ 2 and 651.

59.     Defendants knowingly and willfully violated Plaintiff's rights by failing to pay Plaintiff wages for all hours worked.

60.     Defendants knowingly and willfully violated Plaintiff's rights by failing to pay Plaintiff overtime compensation at rates of not less than one and one-half times the his regular hourly rate of pay, for each hour worked in excess of forty (40) hours in a workweek.

61.     Defendants knowingly and willfully violated Plaintiff's rights by failing to pay "spread of hours" premiums to Plaintiff for each day he worked ten (10) or more hours pursuant to New York State Department of Labor Regulations §§137-1.7; 142-2.4, which generally occurred once per week, on Thursdays.

62.     Due to the Defendants' New York Labor Law violations, Plaintiff is entitled to recover from Defendants his unpaid wages, unpaid overtime compensation, unpaid "spread of hours" premiums, reasonable attorneys' fees, and costs and disbursements of this action, pursuant to New York Labor Law § 663(1) *et al.* and § 198. Plaintiff also seeks liquidated damages pursuant to New York Labor Law § 663(1).

## COUNT III
**[Statutory Penalties Pursuant to the New York State Wage Theft Prevention Act]**

63. Plaintiff re-alleges and re-avers each and every allegation and statement contained in paragraphs "1" through "62" of this Complaint as if fully set forth herein.

64. Upon information and belief, Defendant's record keeping practices were intended to, and did in fact, disguise the actual number of hours the employee worked, in order to avoid paying for her full hours worked; and, any overtime due.

65. Defendant willfully disregarded and purposefully evaded record keeping requirements of the New York Labor Law by failing to maintain accurate and complete timesheets, wage notices, and payroll records.

66. Plaintiff was not provided with a proper, written wage notice, as required by law.

67. Defendant's failure to provide an accurate annual wage notice entitles plaintiff to statutory damages of fifty dollars ($50.00) per week for each work week the violation continued to occur, to a maximum of five thousand dollars ($5,000). New York Labor Law § 198(1-b).

68. Defendant failed to comply with the notice and record keeping requirements of the New York State Wage Theft Prevention Act, and as such, is liable for civil penalties, attorneys' fees, and costs.

## PRAYER FOR RELEIF

**WHEREFORE**, Plaintiff, Guillermo Toribio, on behalf of himself and all similarly situated employees, respectfully requests that this Court grant the following relief:

(a) An award of unpaid wages and overtime compensation due under the FLSA and New York Labor Law;

(b) An award of unpaid "spread of hours" premiums due under the New York Labor Law;

(c) An award of liquidated damages as a result of Defendants' knowing and willful failure to pay wages and overtime compensation pursuant to 29 U.S.C. § 216;

(d) An award of liquidated damages and statutory penalties as a result of Defendants' willful failure to pay wages, overtime compensation, and "spread of hours" premiums pursuant to the New York Labor Law;

(e) An award of prejudgment and post-judgment interest;

(f) An award of costs and expenses associated with this action, together with reasonable attorneys' fees; and,

(g) Such other and further relief as this Court determines to be just and proper.

Dated: New York, New York
May 6, 2019

Respectfully submitted,

By: _____
Peter H. Cooper  (PHC 4714)
CILENTI & COOPER, PLLC
**Attorneys for Plaintiff**
708 Third Avenue – 6th Floor
New York, NY 10017
Telephone  (212) 209-3933
E-mail: pcooper@jcpclaw.com

**NOTICE OF INTENTION TO ENFORCE MEMBER
LIABILITY FOR SERVICES RENDERED**

To: Michael Jannetta and David Segovia

PLEASE TAKE NOTICE, that pursuant to the provisions of Section 609 of the Limited Liability Company Law of New York, you are hereby notified that Guillermo Toribio intends to charge you and hold you personally liable, jointly and severally, as one of the ten largest members of Neptuno Restaurants LLC, for all debts, wages and / or salaries due and owing to them as laborers, servants, and / or employees of said corporations, for services performed for said corporation within six (6) years preceding the date of this notice, and have expressly authorized the undersigned, as their attorney, to make this demand on their behalf.

Dated: New York, New York
May 6, 2019

Respectfully submitted,

By: _____
Peter H. Cooper (PHC 4714)

CILENTI & COOPER, PLLC
**Attorneys for Plaintiff**
708 Third Avenue – 6th Floor
New York, NY 10017
Telephone (212) 209-3933
Facsimile (212) 209-7102
E-mail: pcooper@jcpclaw.com

15

**CONSENT TO SUE UNDER**
**FAIR LABOR STANDARDS ACT**

I, Guillermo Toribio, am an employee currently or formerly employed by Sala One Nine, and/or related entities. I consent to be a plaintiff in the above-captioned action to collect unpaid wages.

Dated: New York, New York
March 28, 2019

*Guillermo Toribio*