**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------x

GUILLERMO TORIBIO, on behalf of himself and
others similarly situated,

                           Plaintiff,

                -against-

NEPTUNO RESTAURANTS, LLC, *d/b/a* SALA
ONE NINE, et al.,

                    Defendants.

---------------------------------------------------------------x

      19-CV-4032 (OTW)

      **MEMORANDUM OPINION & ORDER**

       **ONA T. WANG, United States Magistrate Judge:**

       Plaintiff brings this action in accordance with the Fair Labor Standards Act ("FLSA") and the New York Labor Law ("NYLL") for alleged unpaid overtime compensation, failure to pay spread of hours, and failure to provide wage notices. (Complaint ("Compl.") (ECF 1)). The parties now submit their proposed settlement agreement to the Court for approval under *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199 (2d Cir. 2015). (ECF 21). All parties have consented to my jurisdiction in accordance with 28 U.S.C. § 636(c). (ECF 18). For the reasons below, the Court declines to approve the proposed settlement.

**I. Background**

       Plaintiff has been employed by Defendants Neptuno Restaurants LLC, Michael Jannetta, and David Segovia (collectively "Defendants") since January 2016 to work as a dishwasher, bread baker, cleaner, and cook at Defendants' restaurant, Sala One Nine. (Compl. ¶¶ 6-8, 23).[1]

---

[1] Plaintiff acknowledges that he was not employed for the month of November 2018 due to taking a medical leave. (Compl. ¶ 24).

Despite working approximately fifty-two hours a week, Plaintiff allegedly never received overtime or spread of hours pay. (Compl. ¶¶ 25, 26-27). Instead, Plaintiff was paid a flat hourly rate of $14 an hour, which was increased to $15 an hour in 2019. (Compl. ¶¶ 26-27). Plaintiff further alleges that Defendants failed to maintain accurate time records and did not provide Plaintiff with a wage notice. (Compl. ¶¶ 64-68).

Plaintiff filed his complaint on May 6, 2019. (ECF 1). Although the complaint indicated that Plaintiff intended to convert the matter to a collective action, the parties reached their settlement before the filing of any conditional certification motion.

**II. Discussion**

Fed. R. Civ. P. 41(a)(1)(A) permits the voluntary dismissal of an action brought in federal court, but subjects that grant of permission to the limitations imposed by "any applicable federal statute." The Second Circuit has held that "in light of the unique policy considerations underlying the FLSA," this statute falls within that exception, and that "stipulated dismissals settling FLSA claims with prejudice require the approval of the district court or the [Department of Labor] to take effect." *Cheeks*, 796 F.3d at 206. This Court will approve such a settlement if it finds it to be fair and reasonable, employing the five non-exhaustive factors enumerated in *Wolinsky v. Scholastic Inc*.:

> (1) the plaintiff's range of possible recovery; (2) the extent to which the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses; (3) the seriousness of the litigation risks faced by the parties; (4) whether the settlement agreement is the product of arm's-length bargaining between experienced counsel; and (5) the possibility of fraud or collusion.

900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012) (internal quotations omitted).

### a. **Reasonable Settlement Amount**

Plaintiff alleges that if this case went to trial, Plaintiff could potentially recover up to $9,599.75, which includes unpaid wages, statutory damages, and liquidated damages. (ECF 21-2). The parties' proposed settlement is for $13,000, inclusive of attorney's fees. (ECF 21-2 at 5). Of that amount, Plaintiff's counsel seeks to be awarded $4,875 in attorney's fees and costs. (ECF 21-1 at 6). Plaintiff's take-home amount of $8,125 thus represents approximately 85% of Plaintiff's total amount sought and would cover the full amount of alleged unpaid wages.[2]

Although Defendants have not raised in the approval papers any specific defense that they believe would prevail at trial, settlement enables the parties to avoid the burden and expense of continuing litigation and preparing for trial. If the case went to trial, Plaintiff may have had difficulty proving that liquidated damages were appropriate here. Therefore, Plaintiff's settlement, which amounts to a recovery of his unpaid wages and statutory damages without going to trial, is fair and reasonable. *See Yang v. Sunshine ISA, Inc.*, No. 15-CV-5031 (HBP), 2016 WL 6746763, at *3 (S.D.N.Y. Nov. 14, 2016) (approving settlement of 63.5% of total amount to avoid burden of further litigation).

The parties represent that the settlement was a product of extensive negotiations "at arms length," including use of a mediator, and there is no evidence to the contrary. (ECF 21 at

---

[2] When examining the proportion of recovery, courts often look at what Plaintiff would receive rather than the total settlement amount. *See, e.g., Rosario v. Structural Preservation Systems, LLC*, No. 18-CV-83 (HBP), 2019 WL 1383642, at *2 (S.D.N.Y. Mar. 27, 2019); *Rojas v. Bronx Moon LLC*, No. 17-CV-5825 (KMK), 2018 WL 4931540, at *3 (S.D.N.Y. Oct. 10, 2018); *Felix v. Breakroom Burgers & Tacos*, No. 15-CV-3531 (PAE), 2016 WL 3791149, at *2 (S.D.N.Y. Mar. 8, 2016); *Beckert v. Ronirubinov*, No. 15-CV-1951 (PAE), 2015 WL 8773460, at *1 (S.D.N.Y. Dec. 14, 2015). Because one of the primary purposes of a *Cheeks* approval is to protect the employee, I concur with this approach.

2). Plaintiff is still employed by Defendants, but there is no evidence that fraud or collusion played a role in the settlement.

### b. Settlement Provisions

Even though the release is appropriately limited to claims up to the date the agreement was executed, the release is overly broad and essentially operates as a general release. (ECF 21-1 at 2-3). Instead of cabining the release's scope to the wage-and-hour claims raised in this case, the proposed release covers "any and all actions . . . by reason of any matter, cause or thing, act or omission, or circumstance whatsoever." (*Id.*) Releases may not include claims "that have no relationship whatsoever to wage-and-hour issues" and may not cover claims that were never raised by Plaintiff in the case. *Cheeks*, 796 F.3d at 206; *see also Rojas v. Bronx Moon LLC*, No. 17-CV-5825 (KMK), 2018 WL 4931540, at *3 (S.D.N.Y. Oct. 10, 2018) (rejecting a release that included all FLSA claims); *Lazaro-Garcia v. Sengupta Food Servs.*, No. 15-CV-4259 (RA), 2015 WL 9162701, at *2 (S.D.N.Y. Dec. 15, 2015) ("[A]ny release provision must be limited to the claims at issue in this action."). Accordingly, the settlement cannot be approved with this provision. Besides the release provision, the settlement agreement contains no other potentially objectionable provisions, *e.g.*, confidentiality or non-disparagement.

### c. Attorney's Fees

An award of attorney's fees of one-third of the <u>net</u> settlement sum is typically upheld by courts in this District. *See Rodriguez-Hernandez v. K Bread & Co.*, 15-CV-6848, 2017 WL 2266874, at *5 (S.D.N.Y. May 23, 2017) ("In this Circuit, courts typically approve attorneys' fees that range between 30 and 33 1/3 %."); *Santos v. El Tepeyac Butcher Shop Inc.*, No. 15-CV-814 (RA), 2015 WL 9077172, at *3 (S.D.N.Y. Dec. 15, 2015) (noting that courts in this District

"decline[] to award more than one third of the net settlement amount as attorney's fees except in extraordinary circumstances"). Although Plaintiff's counsel represents that the fee is one-third of the settlement, one-third of the settlement amount minus claimed costs would be $4,150 ([$13,000-$550]/3). Instead, Plaintiff's counsel seeks to be awarded $4,325 in fees ($4,875-$550) and reimbursed $550 for costs. (ECF 21). The proposed attorney's fees are therefore approximately 35% of the settlement, not one-third ($4,325/[$13,000-$550]).

In cases seeking fees above one-third the net settlement amount, the Court needs to analyze the reasonableness of the higher proposed amount and determine whether the fees need to be reduced. *See Martinez v. Gulluoglu LLC*, No. 15-CV-2727 (PAE), 2016 WL 206474, at *2 (S.D.N.Y. Jan. 15, 2016) (rejecting fees of 36% absent "unusual circumstances"); *Thornhill v. CVS Pharm., Inc.*, No. 13-CV-5507 (JMF), 2014 WL 1100135, at *3 (S.D.N.Y. Mar. 20, 2014) (noting courts typically reduce FLSA attorney's fees awards that exceed 33 1/3 % where the case is "relatively straightforward"). Because the settlement agreement as proposed cannot be approved due to the overly broad release, the Court will not evaluate the reasonableness of the attorney's fees provision at this time.

III. **Conclusion**

For the foregoing reasons, the Court finds that the parties' proposed settlement agreement cannot be approved as fair and reasonable. Because the proposed settlement agreement contains an overly broad general release provision, the parties' joint request for approval is denied without prejudice. The parties may renew their request for *Cheeks* approval and file a revised proposed settlement agreement consistent with this opinion by **October 18,**

**2019**. Otherwise, the parties may proceed with litigation.

**SO ORDERED.**

_s/ Ona T. Wang_

Dated: October 8, 2019                       **Ona T. Wang**
      New York, New York           United States Magistrate Judge